UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01277-JLS-ACCV                      Date: March 31, 2026
Title:  Gevorg Azatovic Ovsepyan v. Pamela Bondi et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

    Kelly Davis                              N/A
    Deputy Clerk                       Court Reporter

Attorneys Present for Plaintiffs:      Attorneys Present for Defendant:

Not Present                         Not Present

**PROCEEDINGS:   (IN CHAMBERS)  ORDER VACATING HEARING AND ENTERING PRELIMINARY INJUNCTION**

On March 25, 2026, the Court granted Petitioner Gevorg Azatovic Ovsepyan's *ex parte* Application for a Temporary Restraining Order ("TRO"), ordering his immediate release from detention by Immigration and Customs Enforcement ("ICE").  (Order Granting TRO, Doc. 10.)  The Court set a hearing on April 3, 2026 as to why a preliminary injunction should not issue.  (*Id.* at 2.)  The Court ordered Respondents to file any opposition to a preliminary injunction by March 27, 2026.  (*Id.*)  Respondents filed no opposition.

"The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction."  *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995).  In light of Respondents' failure to file any additional papers after the issuance of the TRO, the Court vacates the hearing set for April 3, 2026, and GRANTS a preliminary injunction entering the same relief granted in the TRO.

Petitioner additionally requests that the Court enter an order requiring Respondents to return his confiscated property.  (*See* Petitioner Response, Doc. 11.)  However, Petitioner's papers contain no argument explaining why such relief is an

---

**CIVIL MINUTES – GENERAL**                             1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  5:26-cv-01277-JLS-ACCV                          Date: March 31, 2026
Title:  Gevorg Azatovic Ovsepyan v. Pamela Bondi et al

appropriate remedy in a habeas proceeding nor why it is justified here.  The Court therefore declines to grant additional emergency relief at this stage.

Accordingly, the Court ORDERS as follows:

1. Petitioner shall remain released, subject to the same conditions that were in effect before his re-detention, if any existed.

2. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents shall not arrest or detain Petitioner without written notice provided to Petitioner and his counsel, and a pre-deprivation hearing before a neutral arbiter to evaluate whether Petitioner's re-detention is warranted based on flight risk or a danger to the community, unless special circumstances exist that justify immediate re-detention and a post-deprivation hearing.

3. This Preliminary Injunction shall take effect immediately and shall remain in effect pending resolution of the merits of this case or further order of this Court.

4. The Court exercises its discretion to waive the requirement to post a bond.

5. Proceedings on the merits of Petitioner's underlying Habeas Petition, including any determination of mootness, will continue before the Magistrate Judge.

Initials of Deputy Clerk: kd